IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JUDY C. WHITE                                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO.: 1:10CV00031-DAS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                                            DEFENDANT

**FINAL JUDGMENT**

This cause is before the court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for Disability Insurance Benefits and Supplemental Security Income payments. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

Consistent with the court's oral ruling following the parties' oral argument, the decision of the Commissioner of Social Security should be reversed, and the case should be remanded for further proceedings. First, the court determined that the ALJ's finding that the claimant's mental impairment was not severe was erroneous. Next, the court found the ALJ's opinion failed to reveal whether he gave proper consideration to the opinion of Dr. James Smith, the claimant's treating physician. Additionally, the court found the ALJ's credibility finding was not supported by substantial evidence in the record. And, finally, the court found the ALJ's hypothetical to the VE was flawed because it did not include any of the claimant's limitations associated with her

mental impairment. Accordingly, on remand, the ALJ shall (1) re-examine the medical evidence as it relates to the claimant's mental impairment and give appropriate consideration to all functional limitations associated with this impairment, beginning at step two of the sequential evaluation process; (2) reevaluate the opinion of Dr. Smith in accordance with the holding in *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000); (3) reassess the claimant's credibility in accordance with SSR 96-7p; and (4) consider all of the claimant's limitations in assessing her RFC. The ALJ may conduct any further proceedings not inconsistent with the order of the court. Ultimately, however, the court's ruling should in no way be construed as an advisory opinion in favor of a finding of disability.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED** and **REMANDED** for further proceedings.

This, the 14th day so March, 2011.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE