# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

JUDY C. WHITE                                                            PLAINTIFF

VS.                                CIVIL ACTION NO.: 1:10CV00031-DAS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION                                       DEFENDANT

## ORDER AWARDING ATTORNEY FEES

Before the court is the claimant's motion (# 27) for payment of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In these proceedings, the claimant sought judicial review of the final decision of the Commissioner of Social Security, denying a claim for benefits. By Judgment (# 26) dated March 14, 2011, the court remanded this case to the Commissioner for further proceedings. The claimant now seeks attorney fees under the EAJA on the grounds that she was the prevailing party and the Commissioner's position was not "substantially justified." By the motion and attached exhibits, the claimant requests that an award of $5,162.21 in attorney fees plus $350.00 in costs (from the Judgment Fund) be made to her attorneys. The Government does not oppose the claimant's request for attorney fees and costs but maintains that the EAJA award must be payable to the claimant, not her attorneys.

The court has considered the claimant's motion and supporting documentation and the record of this case and finds that the amounts of fees and costs requested are reasonable and appropriate. Accordingly, the only issue remaining is whether the award should be paid to the claimant or to her attorneys.

The claimant's attorneys request that the award be paid directly to them pursuant to the Assignment of EAJA Fees submitted in support of the instant motion and after it is determined that the claimant does not owe "any outstanding federal debt subject to collection." Counsel cites *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) as support for this request. However, in *Ratliff,* the Supreme Court held that EAJA fees are payable to litigants. *Ratliff*, 130 S.Ct. at

2528.[1]  Moreover, in this case the Government specifically requests that the award be paid to the claimant.[2]  Accordingly, the court will direct that payment be made to the claimant.

**THEREFORE, IT IS ORDERED** that the claimant's motion for payment of attorney fees under the EAJA is hereby **GRANTED**, and the Commissioner shall pay the claimant $5,162.21 for the benefit of her attorneys.

**IT IS FURTHER ORDERED** that the claimant shall also receive $350.00 from the Judgment Fund, also awarded for the benefit of her attorneys.

**THIS,** the 28th day of June, 2011.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE

---

[1] The result is that attorney fees awards are subject to offset where the claimant has outstanding federal debts.  *Ratliff*, 130 S.Ct. at 2528.

[2] In *Ratliff*, the Supreme Court acknowledged the Government's *practice* of making direct payments to attorneys in cases where there is an assignment of the right to receive the fees and the claimant does not owe a debt to the government.  *Ratliff*, 130 S.Ct. at 2529.  However, nothing in that case requires that an award be made directly to the claimant's attorneys in this case, especially in light of the Government's objection.